UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| STEVEN MICHAEL SUNDQUIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CV-275-HAB |
| | ) | |
| ROGER HULTQUIST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Steven Michael Sundquist has filed a pro se Civil Complaint (ECF No. 1) and Motion to Proceed in Forma Pauperis (ECF No. 2).

**A.    In Forma Pauperis**

Because it appears that Plaintiff qualifies to proceed without the pre-payment of filing fees, his Motion to Proceed in Forma Pauperis is GRANTED. While *in forma pauperis* status allows a plaintiff to proceed without pre-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (in forma pauperis litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's in forma pauperis status. *Fiorito v. Samuels*, 2016 WL 3636968, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for in forma pauperis litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.     Screening**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Plaintiff's complaint describes an elaborate conspiracy between multiple individuals. While the allegations are not a model of clarity, the gist of the allegations is that the Defendants have conspired to manufacture false claims of child abuse to deprive Plaintiff of visitation time with his children. Plaintiff believes that this conspiracy violates both the federal and state Racketeer Influenced and Corrupt Organization ("RICO") Act.[1] Plaintiff asks that the Court "seek

---

[1] The Court notes that, despite filling out the rest of the pro se complaint form, Plaintiff neglected to initial next to the statement that reads "I declare **under penalty of perjury** that the statements in this complaint are true." (ECF No. 1 at 3) (original emphasis).

2

injunctive relief from [his] onerous child visitation order, go 50-50 with no supervision," and award attorney fees and other damages.

It does not appear that this Court has jurisdiction to adjudicate the grievances that Plaintiff has presented. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, quoted in *Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under the *Rooker–Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). The doctrine applies not only to claims that were raised before the state court, but also to claims that are inextricably intertwined with state court determinations. *See Feldman*, 460 U.S. at 482 n. 16 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court."). *Rooker–Feldman*, therefore, requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately to the Supreme Court. *See Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701–

02 (7th Cir. 1998). The doctrine stems, in part, from recognition of the fact that "a decision by a state court, however erroneous, is not itself a violation of the Constitution actionable in federal court." *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995).

In assessing the applicability of the *Rooker–Feldman* doctrine in a particular case, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). "If the injury alleged resulted from the state court judgment itself, the *Rooker–Feldman* doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." *Centres*, 148 F.3d at 702 (footnote omitted). "By contrast, if the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker–Feldman* doctrine does not apply, although the doctrines of claim and issue preclusion may be applicable." *Id*. The pivotal inquiry is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996); *see also GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993). In this regard, courts have recognized a distinction between "a federal claim alleging injury caused by a state court judgment" and "a federal claim alleging a prior injury that a state court failed to remedy." *Centres*, 148 F.3d at 702. A federal court is precluded from considering the former, but not the latter, under the *Rooker–Feldman* doctrine.

Despite all his allegations of bribery, mail fraud, and perjury, Plaintiff's real quarrel is with the Indiana family law court's custody and visitation order. Plaintiff believes that the order was the result of misinformation provided by Defendants and seeks to have this Court modify the order in Plaintiff's favor. However, Plaintiff's requested relief strikes at the very heart of what the

4

*Rooker-Feldman* doctrine prohibits. This Court cannot, and indeed lacks jurisdiction to, reverse or revise the state court order. Accordingly, his complaint is subject to dismissal for lack of subject-matter jurisdiction.

The Court will grant Plaintiff one opportunity to correct the defects in his complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [in forma pauperis] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If Plaintiff elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Opinion and Order. In addition, if Plaintiff elects to use the Court's civil complaint form, Plaintiff must complete the form *in full*, including the declaration that the statements in the complaint are true.

**C.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED. Having screened Plaintiff's complaint, the Court finds that it is subject to dismissal for lack of subject matter jurisdiction. Plaintiff is granted leave to file an amended complaint on

or before September 14, 2020. If no amended complaint is filed by that date, this action will be dismissed with prejudice for the reasons set forth above.

SO ORDERED on August 25, 2020.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT