UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| STEVEN MICHAEL SUNDQUIST, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:20-CV-275-HAB |
| ROGER HULTQUIST, et al., | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff, proceeding *pro se* and *in forma pauperis*, had his initial complaint screened by this Court pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court determined that the complaint violated the *Rooker–Feldman* doctrine in that it challenged a state court judgment. (*See* ECF No. 3 at 3–5). Nonetheless, the Court gave Plaintiff the opportunity to amend his complaint. The Amended Complaint (ECF No. 4) has been filed and is now before the Court for screening.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Plaintiff's Amended Complaint cures the *Rooker-Feldman* issue in that it no longer seeks to undo a state court judgment. Instead, Plaintiff now seeks nearly one million dollars in damages as a result of an alleged "civil RICO violation." (ECF No. 4 at 2). The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, makes it unlawful "to conduct" an "enterprise's affairs through a pattern of racketeering activity," where "racketeering" is defined as behavior that violates certain enumerated federal statutes or state laws addressing specific topics and bearing specific penalties. 18 U.S.C. §§ 1962(c); 1961(1). RICO is a "unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006). When Congress enacted RICO, it chose to supplement criminal enforcement of its provision by providing that "[a]ny person injured in his business or property" by a RICO violation may seek treble damages and attorney's fees. 18 U.S.C. § 1964(c); *Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 726 (7th Cir.1998). While there are significant substantive differences among the various RICO provisions contained in § 1962, the existence of an "enterprise" and a "pattern of racketeering" are elements that are fundamental to each subsection. 18 U.S.C. § 1962. Accordingly, to state a claim for a RICO violation, a plaintiff must allege a cognizable injury to its business or property resulting from the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Gamboa*, 457 F.3d at 705.

Before a RICO plaintiff can allege a "pattern of racketeering activity," he must plead instances of "racketeering activity" or "predicate acts." *Grove Holding Corp. v. First Wis. Nat'l*

2

*Bank of Sheboygan*, 803 F.Supp. 1486, 1501 (E.D. Wis. 1992). A list of acts that constitute racketeering activity can be found at 18 U.S.C. § 1961(1). Plaintiff's Amended Complaint alleges two of the identified acts: bribery and mail fraud.

Allegations of fraud in a civil RICO complaint are subject to Rule 9(b)'s heightened pleading standard, which requires a plaintiff to plead all averments of fraud with particularity. Fed.R.Civ.P. 9(b); *see Goren*, 156 F.3d at 726. "While dismissal of a RICO claim is appropriate if the plaintiff fails to allege sufficient facts to state a claim that is plausible on its face, the adequate number of facts varies depending on the complexity of the case." *Kaye v. D'Amato*, 357 Fed.Appx. 706, 710 (7th Cir. 2009). Strict adherence to the particularity requirement is especially important in a case such as this where the predicate fraud allegations provide the only link to federal jurisdiction. *See*, *e.g.*, *R.E. Davis Chemical Corp. v. Nalco Chemical Co*., 757 F.Supp. 1499, 1516 (N.D. Ill. 1990). To plead with particularity means to allege "the who, what, when, where, and how" of the alleged fraud. *Wigod v. Wells Fargo Bank, N.A*., 673 F.3d 547, 569 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Financing Svc's, Inc*., 536 F.3d 663, 668 (7th Cir. 2008)).

The particularity requirements of Rule 9 notwithstanding, a RICO plaintiff is still bound by the pleading requirements of Federal Rule of Civil Procedure 8. Under that rule, a plaintiff is required to provide a short and plain statement of the claim and to present each averment of the pleading in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a) & (e); *Vicom, Inc. v. Harbridge Merch. Services, Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). A RICO plaintiff is required, to allege sufficient facts to support each element of its RICO claims; "[i]t is not enough for plaintiff to simply allege these elements in boilerplate language." *Cobbs v. Sheahan*, 319 F.Supp.2d 865, 869 (N.D. Ill. 2004).

The Court finds that the Amended Complaint is deficient under both Rules 8 and 9. The Amended Complaint contains little that could be described as facts. Take, for instance, the allegations against Defendant Roger Hultquist. They read:

> Bought and paid for GAL by payor Jack Altekruse to mislead judge and obstruct the court's ability to serve justice. Lies. Cries. Bully. He submitted a half report to judge in an emergency hearing. He is keeping my kids from loving me. He manipulates feedback to serve Jack Altekruse and his long-time pal, Linda Chrzan.

(ECF No. 4 at 2). These are not facts; the Court would generously describe these allegations as characterizations of unidentified conduct. However, neither Rule 8 nor 9 concern themselves with Plaintiff's subjective views on Defendants' personalities or conduct. Instead, it is the conduct that is important. Having read the Amended Complaint in its entirety, the Court has no idea what the Defendants are alleged to have done. That is problematic.

Plaintiff's fraud allegations fair even worse. Plaintiff uses the phrase "mail fraud," but it is not at all clear what Defendants did to earn such a serious allegation. There is certainly no "who, what, where, when, or how" of the alleged fraud. The fraud claim fails to comply with Rule 9 and is properly dismissed.

These kind of technical pleading issues would normally call for giving Plaintiff (another) opportunity to amend his pleading. *E.g.*, *Luevano v. Wal–Mart Stores, Inc*., 722 F.3d 1014, 1024 (7th Cir. 2013); *Bausch v. Stryker Corp*., 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 & n. 3 (7th Cir. 2004) (collecting cases). However, the Court finds the problems with the Amended Complaint go deeper than a simple lack of detail.

The "first rule" of pleading a RICO claim is that the "plaintiff must identify the enterprise." *Jennings v. Emry*, 910 F.2d 1434, 1439–40 (7th Cir. 1990) (quotation omitted). Under the RICO statute, an enterprise can be made up of "any individual, partnership, corporation, association, or

4

other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). This definition has been interpreted to include any "ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Jennings*, 910 F.2d at 1440.

Although an enterprise can be an informal association-in-fact, "[t]he hallmark of an enterprise is structure" and the goals of the enterprise must be separate from the predicate acts themselves. *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (quotation omitted); *see also Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 676 (7th Cir. 2000) (noting that plaintiffs cannot establish structure by explaining what an enterprise supposedly does). To establish structure, the plaintiff must show that the association is "joined in purpose and organized in a manner amenable to hierarchical or consensual decision-making." *Shapo v. O'Shaughnessy*, 246 F.Supp.2d 935, 962 (N.D. Ill. 2002) (quoting *Jennings*, 910 F.2d at 1440). An association-in-fact enterprise requires continuity and the differentiation of roles, as well as a common purpose of engaging in a course of conduct. *Richmond*, 52 F.3d at 645; *see also Baker v. IBP, Inc.*, 357 F.3d 685, 691 (7th Cir. 2004) (noting that a common purpose is an "essential ingredient" of any association-in-fact enterprise).

Any RICO enterprise must consist of more than a group of people who get together to commit a pattern of racketeering activity. *Richmond*, 52 F.3d at 644. The enterprise must be "distinct, separate, and apart from a pattern of racketeering activity: although a pattern of racketeering activity may be the means through which the enterprise interacts with society, it is not itself the enterprise, for an enterprise is defined by what it is, not what it does." *Jennings*, 910 F.2d at 1440. As a result, it is appropriate for the Court "to consider whether the enterprise would still exist were the predicate acts removed from the equation," and whether the defendants' actions

were motivated by anything other than self-interest. *See Okaya v. Denne Indus.*, 2000 WL 1727785, at *4 (N.D. Ill. Nov. 20, 2000) (internal quotation omitted).

The allegations here, read in a light most generous to Plaintiff, fail to establish the existence of an enterprise. True, Plaintiff does identify the alleged members of the claimed conspiracy and their roles. However, all the identified roles are confined to the alleged predicate acts. None of the Defendants are alleged to have any criminal relationship with any other Defendant outside of the scope of the alleged conspiracy connected to Plaintiff's family law matter. Instead, if the Court strips away the predicate acts as described in the Amended Complaint, there would be no criminal enterprise. At most, Plaintiff has alleged that Defendants collectively (and perhaps improperly) worked against him in a state court proceeding, but this is not enough to allege that the acts complained of were the work of a RICO enterprise. *Starfish Inv. Corp. v. Hansen*, 370 F.Supp.2d 759, 771 (N.D. Ill. 2005).

The Court takes no position on whether the conduct alleged in the Amended Complaint occurred or whether it was lawful. However, it seems eminently clear that the conduct is not a violation of RICO. As such, there is no basis for jurisdiction in the federal forum and this matter will be dismissed with prejudice.

For the foregoing reasons, Plaintiff's Amended Complaint (ECF No. 4) is DISMISSED WITH PREJUDICE.

SO ORDERED on September 9, 2020.

                                             s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT